## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JOSE MARTINEZ, a/k/a Jose A. Martinez;** )<br>**CAREN CORNELIUS MARTINEZ, a/k/a** )<br>**Caren Cornelius-Martinez; and VIRGIN** )<br>**ISLANDS BUREAU OF INTERNAL** )<br>**REVENUE, an agency of the Government** )<br>**of the U.S. Virgin Islands,** )<br>)<br>**Defendants.** )<br>_____)  | Civil Action No. 2014-0102 |

**Attorneys:**
**A. Jennings Stone, III, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Shari N. D'Andrade, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Virgin Islands*
    *Bureau of Internal Revenue*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment against Jose Martinez, a/k/a Jose A. Martinez and Caren Cornelius Martinez, a/k/a Caren Cornelius-Martinez and Motion for Summary Judgment against Virgin Islands Bureau of Internal Revenue," filed in August 2015 by Plaintiff Flagstar Bank, FSB ("Flagstar"). (Dkt. No. 29). For the reasons discussed below, the Court will grant Flagstar's Motion for Default Judgment and Summary Judgment.

## I. BACKGROUND

On November 25, 2014, Flagstar filed a Complaint against Jose Martinez and Caren Cornelius Martinez (the "Martinezes"), alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1). Flagstar also sued the Virgin Islands Bureau of Internal Revenue ("VIBIR"), alleging that VIBIR held subordinate liens on the property that is the subject of this action. *Id.*

In its Complaint, Flagstar asserts that the Martinezes are titleholders of record to real property ("the Property"), described in the Warranty Deed as:

> Plot No. 233 (comprising 5,401 square feet, more or less), Estate Strawberry Hill, Queen and King Quarters, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 2733-E, dated November 1, 1971, revised June 28, 1978.

(Dkt. No. 32-1). The Complaint alleges that, on February 20, 2008, the Martinezes, jointly and severally, executed and delivered to Flagstar a promissory note (the "Note"), which obligated them to pay the principal amount of $176,640.00, together with interest at a rate of 6.625% per annum, in consecutive monthly installments of $1,131.05 beginning April 1, 2008. (Dkt. No. 1, ¶¶ 9-10). The Note was subsequently modified by a Home Affordable Agreement between the Martinezes and Flagstar, dated November 26, 2012 (the "Modification Agreement") which delayed the maturity date from March 1, 2038 to July 1, 2050; changed the principal balance due under the Note to $171,956.30; set a variable interest rate beginning at 2.00% per annum on October 1, 2012, increasing to 3.00% per annum on October 1, 2017; and further increasing to 3.750% per annum on October 1, 2018; and setting an initial monthly payment of $900.63. *Id.* ¶ 12.

To secure payment of the Note, the Martinezes granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated February 20, 2008 over the Property (the "Mortgage"). The Mortgage was also modified by the Modification Agreement. The Mortgage, as modified, provided that the Martinezes would pay the payments due under the Note (as modified) *Id.* ¶¶ 13-15. The Complaint goes on to say that, on or about May 1, 2014, the Martinezes defaulted under the terms and conditions of the Note (as modified) in that monthly installments of principal and interest became due and were not paid, and they also defaulted under the terms and conditions of the Mortgage (as modified) because principal, interest, and other charges became due and were not paid. *Id*. ¶¶ 18, 19. Flagstar gave notice of default to the Martinezes on June 16, 2014, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage; however, the default had not been cured as of the date the Complaint was filed. *Id.* ¶¶ 20, 21. On September 23, 2014, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar. *Id.* ¶ 28.

With regard to the debt cause of action, the Complaint alleges that the Martinezes owe Flagstar the unpaid principal balance, accrued interest, advances, expenses, fees, costs and late charges; that Flagstar is entitled to collect all sums due under the Note from the Martinezes and is entitled to be reimbursed for any insurance premiums, taxes, or other charges it may pay with respect to the Property under the terms of the Mortgage; and that under the terms of the Note and Mortgage (both as modified), Flagstar is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment on the Note or incidental to foreclosure on the Property. *Id.* ¶¶ 21-26.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from the Martinezes. *Id.*, ¶¶ 32, 33.

The Complaint also states that, on July 3, 2014, VIBIR recorded a Notice of USVI Tax Lien in the amount of $2,324.14 against the Property (the "First VIBIR Lien"); and on July 23, 2014, VIBIR recorded a second Notice of USVI Tax Lien in the amount of $1,700.34 against the Property (the "Second VIBIR Lien"). *Id.*, ¶ 29, 30. Flagstar asserts that its mortgage lien is superior to the First and Second VIBIR Liens. *Id.* ¶ 34.

Caren Martinez was served with the Summons and Complaint on December 29, 2014 and Jose Martinez was served on February 10, 2015. (Dkt. No. 36). They neither answered the Complaint nor appeared in this action. The Clerk of Court entered a default against Caren Martinez on February 23, 2015 (Dkt. No. 17) and against Jose Martinez on July 10, 2015. (Dkt. No. 25).

VIBIR filed an Answer and Crossclaim against the Martinezes on January 1, 2015. (Dkt. No. 14). On July 16, 2015, VIBIR dismissed its Crossclaim against the Martinezes without prejudice. (Dkt. No. 26).

On August 26, 2015, Flagstar filed its Motion for Default Judgment against the Martinezes and for Summary Judgment against VIBIR (Dkt. No. 29), along with a Memorandum of Law in Support (Dkt. No. 30), an Affidavit of Indebtedness (Dkt. No. 31), a Statement of Undisputed Facts (Dkt. No. 32), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 33). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Martinezes were properly served with copies of the Summons and Complaint, and the Clerk of Court entered default against them for failing

to answer, plead or otherwise defend the matter. (Dkt. No. 30 at 6). Flagstar asserts that the Martinezes are not infants, incompetent persons, nor in the military service. *Id.*

Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by the Martinezes, who executed the Note, the subsequent Modification Agreement, and the accompanying Mortgage; Flagstar has possession of the original Note and Modification Agreement, and is holder of the Mortgage in its own right and by way of the MERS Assignment; the Martinezes have defaulted under the terms of the Note and the Modification Agreement, as well as the Mortgage, for failing to make timely payments of interest and principal as required by those documents; Flagstar gave the Martinezes proper notice of the default and they failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 7. Finally, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-11.

Flagstar contends that it is entitled to Summary Judgment against VIBIR on the priority of its lien because its lien "is superior to both the First [VI]BIR Lien and the Second [VI]BIR Lien as a matter of law because it is a first-priority mortgage lien," and because VIBIR has not asserted any defenses contesting Flagstar's first priority status. *Id.* at 11. Flagstar directs the Court's attention to the fact that the Mortgage was originally recorded on February 21, 2008, while the First and Second VIBIR Liens were recorded on July 15, 2014 and July 24, 2014, respectively. *Id.*

In support of its Motion, Flagstar filed an Affidavit of Indebtedness, signed by Vanessa M. Ellison, a Loan Administration Analyst with Flagstar Bank, who explained that the Bank's

5

document management system keeps track, and maintains business records, of transactions related to the Mortgage and Note as part of the Bank's regularly conducted business activity. (Dkt. No. 31, ¶¶ 2-3). The Affidavit sets forth the amounts due and owing to Flagstar through August 1, 2015: $167,310.04 in unpaid principal balance; interest from April 1, 2014 through August 1, 2015 of $4,461.60; late charges of $297.74; escrow advances of $3,767.65, consisting of Flagstar's payment of hazard and flood insurance; and property inspection fees of $286.00; for a total amount due of $176,123.03. *Id.* ¶¶ 11-14. Ms. Ellison asserts that interest accrues at the per diem rate of $9.17. *Id.* ¶ 15. She also states that, based on the information she reviewed in connection with the loan, she had no information indicating that the Martinezes were either minors or incompetent. *Id.* ¶ 17. In addition, pursuant to an investigation Flagstar conducted on July 16, 2015 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that the Martinezes were active members of the military service. *Id.*; Dkt. No. 31-9.

In its Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, III, Esq., averred that he, as a Senior Associate Attorney, billed $250.00 per hour in this case. (Dkt. No. 33). He attached billing records showing that the total time spent on this matter was 12.25 hours through August 21, 2015; that the total amount of attorney's fees incurred was $3,062.50; and that the total amount of costs expended was $938.69. *Id.*; Dkt. No. 33-1. The Memorandum of Law and attached affirmations from local attorneys provided legal and factual support for the reasonableness of the hourly rates charged. (Dkt. No. 31 at 12-14, Dkt. Nos. 30-1, 30-2, 30-3).

VIBIR filed a Response to Flagstar's Summary Judgment Motion, in which it stated that it "does not oppose Plaintiff's Motion for Summary Judgment. VIBIR asks that any judgment in

...

this matter be in accordance with Title 28, Section 533 of the Virgin Islands Code[.]" (Dkt. No. 34).[1] VIBIR also filed a Counterstatement of Undisputed Facts in which it agreed, *inter alia*, that the First VIBIR Lien and the Second VIBIR Lien are subordinate to Flagstar's Mortgage, as modified by the Modification Agreement. (Dkt. No. 35, ¶¶ 11, 12).

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

---

[1] 28 V.I.C. § 533 provides:

> When it is adjudged that any of the defendants have a lien upon the property, the court shall make a like judgment in relation thereto and the debt secured thereby as if such defendant were a plaintiff in the action. When a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Flagstar Bank, FSB v. Rivers,* 2014 WL 1101858, at *3 (D.V.I. Mar. 18, 2014) (quoting *Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### B. Summary Judgment

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "'must set

forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

### III.   ANALYSIS

#### A. Default Judgment against The Martinezes

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Martinezes. It has shown that: the Martinezes were validly served with process (Dkt. No. 36); default was entered against the Martinezes by the Clerk of Court (Dkt. No. 17, 25); and the Martinezes have not appeared. Further, in the Affidavit of Indebtedness, Flagstar's Loan Administration Analyst, Vanessa Ellison, who is familiar with the loan file, averred: "Based on

the information I have reviewed in connection with the Subject Loan, I have no information indicating that Borrowers are minors or incompetent." (Dkt. No. 31, ¶ 17); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that bank official's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment).

In addition, Flagstar provided copies of Military Status Reports from the Department of Defense Manpower Data Center showing that neither Jose Martinez or Caren Martinez were in the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 31-9). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 31 and attachments).

Further, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Martinezes' breach of their contractual obligations, and the apparent absence of a litigable defense for the Martinezes, weigh in favor of the Court granting default judgment. In addition, the Martinezes' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment against the Martinezes is appropriate.

**B. Summary Judgment against VIBIR**

Defendant VIBIR, which was named as a Defendant in this lawsuit because it had liens on the same Property as Flagstar, stated that it does not oppose Flagstar's Motion for Summary Judgment. (Dkt. No. 34). Moreover, VIBIR agreed that the First VIBIR Lien and the Second VIBIR Lien are subordinate to Flagstar's Mortgage, as modified by the Modification Agreement. (Dkt. No. 35, ¶¶ 12, 13). Because there is no dispute that Flagstar's mortgage lien has priority over VIBIR's liens, the Court will grant Flagstar's Motion for Summary Judgment as to VIBIR. The Court finds that Flagstar has a first priority lien on the Property; that the First VIBIR Lien has second priority on the Property; and the Second VIBIR Lien has third priority on the Property, and that these liens may be foreclosed.[2]

**C. Attorney's Fees and Costs**

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 31-1, ¶ 6(E); Dkt. No. 31-3, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

---

[2] Generally speaking, the Virgin Islands is a race notice jurisdiction, *Brodhurst v. Frazier*, 2012 WL 8123137, at *4 (V.I. Sept. 12, 2012), 28 V.I.C. § 124, where the "'priority of mortgages and other interests in real estate is determined by the chronological order of their creation.'" *DLJ Mortgage Capital v. AMJ, Inc.*, 2015 WL 1510599, at * (D.V.I. Mar. 30, 2015) (quoting Restatement (Third) of Property: Mortgages § 7.1 cmt. a (2012)).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

First, with regard to the hourly rate, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar's Attorney, A.J. Stone, III, a senior associate at BoltNagi, PC, provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for partners at Virgin Islands law firms—who have over fifteen years of experience—is between $225.00 to $335.00 per hour. (Dkt. Nos. 30-1, 30-2, 30-3). Two of the affirmations indicate that associates are paid $250.00 per hour. *See* Dkt. No. 30-1, ¶ 5 (noting that "the highest hourly billing rate for an associate attorney [at the declarant's firm] is $250.00/hr."); Dkt. No. 30-3, ¶ 3 (stating that the typical associate attorney rate for foreclosure work is $250.00 per hour).

The billing records, spanning from October 28, 2014 through August 21, 2015, show that Attorney Stone billed $250.00 per hour. Based on the documentation provided, the Court concludes that the $250.00 per hour rate charged by Attorney Stone is reasonable and falls within the scope of rates for such services for comparable attorneys.

Second, with regard to the reasonableness of the time expended, Flagstar seeks compensation for 12.25 hours of work billed in this matter. This is an average amount for attorney's fees requested in run-of-the-mill default judgment debt and foreclosure cases such as this one. *See, e.g., Bank of America v. Deshazer*, 2014 WL 7450487, at *5 (D.V.I. Dec. 30, 2014) (awarding $3,645.00 in attorney's fees for 14.55 hours of work); *Flagstar Bank FSB v. Canegata,* No. 13-cv-52 (D.V.I. Feb. 20, 2015) (awarding $3,500.00 in attorney's fees for 14.75 hours of work). Having reviewed the billing records, the Court finds that the requested attorney's fees of $3,062.50 are reasonable and will be awarded.

Flagstar also seeks reimbursement of $938.69 for "additional charges," representing title search, filing, recording, and process server fees, on-line search costs using Accurint, and certified mail fees. (Dkt. No. 33-1). The Mortgage provides that the Bank is "entitled to collect all expenses incurred" in pursuing foreclosure remedies "including, but not limited to, reasonable attorneys' fees and costs of court." (Dkt. No. 31-3, ¶ 22). Here too, because the Mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located," *id.* ¶ 16, the Court will look to Virgin Islands law for guidance in determining appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are "allowed in a civil action."[3] "Expenses" are not defined by statute, nor are they defined in the Mortgage or other loan documents.[4] In order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute). Similarly, in order for expenses (under the contract) to be reimbursed, they must also be reasonable. *See Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the terms of a contract, even for legal fees and administrative expenses, "unless the fee is unreasonable."); Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands, effective February 1, 2011 (providing that fees and expenses awarded in the Virgin Islands must be "reasonable").

In view of the foregoing, the Court will look to Virgin Islands case law for guidance on what costs and expenses are "reasonable" and therefore allowed. Although Plaintiff has requested reimbursement for "additional charges," none of the items fit within the statutory definition of "costs." Rather, the items are properly considered expenses under the contract.

The Court finds that expenses related to title search, filing, recording, and process server fees are reasonable under the contract and will be allowed. *See, e.g.*, *Equivest St. Thomas, Inc. v.*

---

[3] The costs allowed under Virgin Islands law are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

[4] The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. *Terrell v. Coral World,* 55 V.I. 580, 591 n.14, 2011 WL 3492575 (V.I. July 20, 2011).

*Gov't of Virgin Islands*, 46 V.I. 447, 2004 WL 3037953 at *9–*10 (D.V.I. Dec. 31, 2004) (finding filing fees, process service fees, transcript purchase fees, witness fees, and travel expenses to be "reasonable expenses which are normally charged paying clients."). Further, postage for service by mail is explicitly included by statute. 5 V.I.C. § 541.[5] The Court will thus award $938.69 in expenses.

## IV. CONCLUSION

Flagstar has satisfied the requirements necessary for a default judgment against Defendants Jose Martinez, a/k/a Jose A. Martinez and Caren Cornelius Martinez, a/k/a Caren Cornelius-Martinez. It has also satisfied the requirements necessary for summary judgment against Defendant VIBIR. Accordingly, Flagstar's Motion for Default Judgment against Jose Martinez, a/k/a Jose A. Martinez; and Caren Cornelius Martinez, a/k/a Caren Cornelius-Martinez will be granted, as will Flagstar's Motion for Summary Judgment against the Virgin Islands Bureau of Internal Revenue. (Dkt. No. 29). In addition, the Court will award $3,062.50 in attorney's fees and $938.69 in expenses, for a total award of $4,001.19 in attorney's fees and expenses through August 21, 2015.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 29 2016                     _____/s/_____
                                        WILMA A. LEWIS
                                        Chief Judge

---

[5] While it is well-established that "overhead costs," such as postage, are not compensable under § 541, *Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014), it appears that the $23.69 certified mail cost on December 15, 2014 relates to service of the Summons & Complaint on Caren Cornelius Martinez and is thus allowable pursuant to 5 V.I.C. § 541(a).